IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| **Wyatt Earp Harper**, | ) | Civil Action No. 9:16-0404-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Bryan Stirling, SCDC Director and** | ) | |
| **NFN Cawthan, Business Office,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

As the Plaintiff is proceeding pro se, service was authorized by the Court by Order filed August 2, 2016. As part of that Order, "NFN Cawthan, Business Office" was added as party Defendant in this case, while an originally named Defendant, "NFN Cook, Financial Lady" was deleted as a party Defendant. See Order (Court Docket No. 25). The docket reflects that these Defendants were served with process on September 21, 2016. See Court Docket No. 31. However, rather than file an answer, the Defendants have filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on



November 14, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff thereafter filed a response in opposition to the Defendants' motion on November 28, 2016. Defendants' motion is now before the Court for disposition.[1]

### Allegations of the Complaint

Plaintiff alleges in his Amended Verified Complaint[2] that on November 30, 2016 he asked the Defendant Cawthan,[3] who Plaintiff alleges "is over financial", about him owing "medical" $11.93. Plaintiff essentially complains that he had a money order in the amount of $20.00 placed in his prison account on December 16, 2015, but that "medical" had subsequently taken out an improper amount of money. Plaintiff alleges that Cawthan told him to send a request to medical and ask them about the matter, so he asked for his "Cooper Statement"[4] for that month so he could find out what happened to his "missing money". Plaintiff alleges that when he received his statement he discovered that the SCDC had taken too much money out of his account, and that his balance should have been $13.92, not $6.43. Plaintiff further alleges that his E. H. Cooper Statement did not reflect where the money went that was taken out.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3] This Defendant's name was originally stated in Plaintiff's Complaint as being "Cook", but was subsequently amended to be "Cawthan". See Court Docket No. 18.

[4] The name for prisoner accounts at the SCDC is "E. H. Cooper" accounts.



Plaintiff alleges that he filed two grievances relating to this matter to "get my money back", but they told him he had filed his grievance too late. Plaintiff alleges that the SCDC cannot take your money illegally and then "close [the] matter" by saying he was "8 days late". Plaintiff alleges that he has a right to know for what and why his money was taken out of his prison account, and that he has been fighting this matter all the way to the "Administrative Law Court". Plaintiff alleges that his money is being stolen from him, seeks monetary damages, and to have his stolen money returned to him. See generally, Verified Complaint, with attached Exhibits [copies of grievance forms, E. H. Cooper Account Statements, and related materials].

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the party opposing the motion. The motion can be granted only if the party opposing the motion has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[O]n a motion to dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the [claim] alleges sufficient facts which, if true, would permit a reasonable fact finder to find [the party seeking dismissal of the claim] liable." Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004). Pursuant to this standard, and for the reasons set forth hereinbelow, the undersigned finds that the Defendants' motion should be granted in part, and denied in part.

First, the Defendants correctly note that Plaintiff's Complaint contains no allegations against the Defendant Bryan Stirling, Director of the South Carolina Department of Corrections. Further, no inference can be drawn from Plaintiff's allegations that Stirling played any role in the



debiting of money out of his prison E. H. Cooper account, or in deciding whether he could or could not file a grievance.[5] The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 cases. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). As such, Stirling cannot be held liable in this case merely because Cawthan (or anyone else who worked for the Department) violated Plaintiff's constitutional rights, assuming that to be the case. Therefore, as Plaintiff has failed to set forth any factual allegations to show that Stirling was in any way responsible for the conduct of subordinates which resulted in a violation of Plaintiff's constitutional rights, Stirling is entitled to dismissal as a party Defendant. See generally, Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); see also Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976) ["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) [Plaintiff has burden of alleging facts sufficient to state all the elements of a claim].

With respect to the Defendant Cawthan, however, Plaintiff's allegations (construed liberally) directly involve Cawthan in his dispute over the taking of his money, as Cawthan is alleged to be the individual "over financial" at the prison, and Plaintiff specifically complained to Cawthan about the money having been debited from his account. Although Defendants correctly note in their motion that an inmate's claim of a property loss is ordinarily subject to dismissal because there are state remedies available to address these types of claims; see Parratt v. Taylor, 451 U.S. 527 (1981);

---

[5]Nor do any of the grievance forms Plaintiff has attached as exhibits to his Complaint indicate that Stirling played any role in this dispute.

4



Lawrence v. Swanson Inmate Commissary Services, No. 97-6429, 1998 WL 322671 (4th Cir. June 4, 1998) [Deprivation claims as a result of negligence fail to set forth a claim of constitutional magnitude]; a prisoner does have a protected property interest in his prison trust account. Burks v. Pate, 119 F. App'x 447 (4th Cir. 2005); Burns v. PA Dept. of Corrs, 642 F.3d 163 (3rd Cir. 2011); Gillihan v. Shillinger, 872 F.2d 935 (10th Cir. 1989)[holding that prisoner stated a claim under § 1983 based on prison's assessment of transportation costs against his trust account]; cf. Washlefske v. Winston, 234 F.3d 179 (4th Cir. 2000) [finding that limited property interest in prison trust account did not extend to any interest earned on that account]. Therefore, a prisoner may not be deprived of those funds without minimum due process. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) [holding that before one may be deprived of property by adjudication, procedural due process requires prior notice and hearing]. Liberally construed, and drawing all reasonable factual inferences in favor of the Plaintiff, the undersigned cannot find that Plaintiff has failed to set forth sufficient factual matters in his Complaint (even though the sum of money involved here is extremely small) to state a plausible claim for relief "on its face". Iqbal, 129 S.Ct. 1949; Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) ["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).  Therefore, the Defendant Cawthan is not entitled to dismissal of this case as to her with respect to this claim, at least not at this early stage of the proceedings.

      Defendants also argue that this case should be dismissed because Plaintiff indicates



in answer to question number 6 of the form complaint that he raised the issue about money being taken from him in a previous case, Harper v. Drakeford, C.A. No. 9:15-1278; that was dismissed, and therefore Plaintiff's claim is barred by res judicata. However, a review of that case does not reflect that that lawsuit involved the claims involved in the case at bar. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]. Further, the undersigned is constrained to note that that prior case was dismissed by the Court without prejudice. Therefore, even if that case had involved the same issues as are present in the case at bar, since the dismissal of that case was not on the merits, it would not bar Plaintiff's current action. Peterson v Burgess, No. 14-141, 2015 WL 4644465 at * 4 (D.S.C. Aug. 4, 2015) [Decision to dismiss prior case without prejudice was not a decision on the merits for purposes of res judicata].

Finally, Defendants state at the end of their brief that "[a]dditional grounds for dismissal are that the Complaint shows the grievance process was neither followed correctly or concluded". Defendants' Brief, p. 3. This simple statement is not sufficient to merit dismissal of Plaintiff's claims at this time. Plaintiff states in his Complaint, as well in special interrogatories he filed with the Court, that he attempted to exhaust his administrative remedies to the best of his ability, and had even appealed the matter through the administrative law court level of review, even though department officials attempted to thwart his efforts to do so. Cf. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) [An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.]; see also Stenhouse v. Hughes, No. 8:04–23150, 2006 WL 752876, at *2 (D.S.C. 2006) ["[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent



him from seeking his administrative remedies."].  In any event, it is the Defendants' burden to show that an inmate failed to exhaust their administrative remedies before filing a lawsuit.  <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005).  Defendants mere statement in their brief that "the grievance process was neither followed correctly or concluded" in this case, without any supporting evidence, is not sufficient to warrant a dismissal of Plaintiff's claims at this time on this basis.

### Conclusion

Based on the foregoing, it is **recommended** that the Defendant Brian Stirling be dismissed as a party Defendant in this case, leaving Cawthan as the sole Defendant.  In all other respects, it is recommended that the Defendants' motion to dismiss be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 13, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



8