UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Wyatt Earp Harper, ) | Civil Action No.: 9:16-cv-00404-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan Stirling, *SCDC Director*; and ) | |
| NFN Cawthan, *Business Office*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Wyatt Earp Harper, a state prisoner proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983 against the two above-captioned Defendants. Defendants have filed a motion to dismiss. *See* ECF No. 33. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 41.[1] The Magistrate Judge recommends dismissing Bryan Stirling as a party defendant in this case (leaving NFN Cawthan as the sole defendant) but denying the motion to dismiss in all other respects. R & R at 7.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R, and the time for doing so has expired. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and hereby adopts and incorporates by reference the R & R [ECF No. 41] of the Magistrate Judge. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss [ECF No. 33]; specifically, the Court **DISMISSES** Bryan Stirling as a defendant in this case but **DENIES** the motion to dismiss in all other aspects. NFN Cawthan remains the sole defendant in this case. The Court **RECOMMITS** this case to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
January 19, 2017                                            R. Bryan Harwell
                                                            United States District Judge